■ In the Matter of FRED BARTZ, Respondent, v CITY OF SCHENECTADY, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Dier, J.), entered August 10, 1981 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to upgrade his salary level. Petitioner is employed as the supervisor of the bureau of receipts within the City of Schenectady's finance department. Petitioner felt that respondent city discriminated against him in that his salary for the year 1980 was disproportionate to that paid other bureau heads in that he was paid $17,645 annually while other employees in similar positions were paid salaries ranging from $18,800 to $28,142. Petititoner thus filed a grievance against respondent on December 22, 1980 pursuant to the terms of the municipal affirmative action program adopted in accordance with the directives of the Federal Equal Employment Opportunity Act of 1972. Respondent's affirmative action officer found that petitioner, a white male Caucasian of German descent who was an enrolled Republican, had been discriminated against on the basis of his national origin and political affiliation in violation of the Federal Civil Rights Act and Equal Employment Opportunity Act. Respondent's Mayor accepted the findings of the affirmative action officer and the accompanying recommendation that petitioner be paid a $2,000 lump-sum settlement in addition to having his position upgraded within the city's salary schedule. The Schenectady City Council, however, refused to implement the Mayor's determination. This CPLR article 78 proceeding by petitioner ensued and Special Term ordered that respondent abide by the Mayor's decision. Although we wholeheartedly agree with respondent's argument that there has been no showing of any unlawful discrimination on the city's part and that petitioner's contention that differences in salary are per se discriminatory practices against the one being paid the least is untenable, these are not the true issues involved in this appeal. The Equal Employment Opportunity grievance procedure, as adopted by the Schenectady City Council, provides that the city's chief executive officer shall review all grievances and recommendations of the affirmative action officer before making a "final determination". Those aggrieved by this "final determination" are afforded the opportunity to file a complaint with the State Division of Human Rights. This procedure does not seem to allow any input from the city council when they disagree, as here, with the Mayor's final determination awarding money to an employee found to have been discriminated against. Accordingly, the judgment of Special Term granting the petition should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.